IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-00050-ELG |
| | ) | (Chapter 11) |
| OMNI EXCAVATORS, INC. | ) | |
| | ) | SubChapter V |
| Debtor. | ) | |

**MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (III) SCHEDULING A FINAL HEARING**

Omni Excavators, Inc., debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby moves the Court for entry of an interim order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Motion") and, in support thereof, states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This is a core proceeding under 28 U.S.C. § 157.

**The Chapter 11 Case**

3.  On February 23, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Petition Date"). The Debtor elected to proceed under SubChapter V of Chapter 11. Since the Petition Date, the Debtor has remained in possession of

_____
MCNAMEE HOSEA, P.A.
Justin P. Fasano, Esquire (VSB # 75983)
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com

*Proposed Counsel to KTS Solutions, Inc.*

its property and has continued to manage its affairs as a debtor-in-possession pursuant to §§ 1183 and 1184 of the Code.

## The Debtor and Its Business Operations

4. The Debtor is a Virginia corporation, which performs excavation services in the District of Columbia metropolitan area.

5. The events precipitating this Chapter 11 filing are a combination of economic factors resulting from the COVID-19 pandemic, as well as lawsuits filed by former employees, and tax debt.

## Secured Debt

3. A review of the records of the Virginia State Corporation Commission does not indicate any creditors who could assert an interest in cash collateral. Only financers of specific pieces of equipment have filed UCC-1 statements. The United States Small Business Administration ("SBA") provided the Debtor with an EIDL loan. However, the SBA recorded its UCC-1 financing statement in the District of Columbia, not Virginia, and therefore, is not properly perfected. **See Exhibit A.** However, certain taxing authorities[1] may assert tax liens that may provide them an interest in cash collateral. The District of Columbia has filed a Certificate of Assessment and Tax Lien. **See Claim 1-1.** All parties asserting interests in the Debtor's cash collateral are hereinafter referred to as "Secured Cash Collateral Creditors."

### Relief Requested

4. During this case, the Debtor requires the use of Cash Collateral to meet its ordinary and necessary expenses. The Debtor's right to receive rents, accounts and payments is property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and constitutes cash

---

[1] The Internal Revenue Service has filed numerous tax liens but all appear to have been released.

collateral within the meaning of Section 363 of the Bankruptcy Code and may be used by the Debtor only with the consent of the Secured Cash Collateral Creditors or upon an order of the Bankruptcy Court.

5. Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fourteen (14) days after the service of the motion. Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fourteen-day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.

6. In order for the Debtor to operate its business, meet its obligations and preserve its property and in order to avoid irreparable harm to the bankruptcy estate, it is necessary for the Debtor to use its accounts and payments in which the Secured Cash Collateral Creditors assert a security interest to pay its ordinary and necessary expenses. A proposed budget is attached hereto as **Exhibit C**.

7. The Bankruptcy Code requires "adequate protection" of Secured Cash Collateral Creditors' security interesta in the Debtor's cash collateral. Adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. *See, e.g., In re Xinde Int'l*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E.D. Pa. 1987).

8. The Debtor seeks an Order that, *inter alia*:

a. Allows the Debtor to use its rents, accounts and rights to payment in which the Secured Cash Collateral Creditors asserts a security interest to pay those obligations set forth in

3

the budget for a period of fourteen (14) days from the Petition Date, through and including February 23, 2024;

b. Grants Secured Cash Collateral Creditors, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Alleged Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c. Grants Secured Cash Collateral Creditors a replacement lien on the same assets and in the same priority and extent of its Alleged Prepetition Liens, if any;

d. Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee, as well as such other periodic financial information that Secured Creditors may reasonably request of the Debtor (in addition to, and not in replacement of, those reporting obligations that the Debtor may have under the prepetition loan documents).

**WHEREFORE**, the Debtor respectfully request entry of an Order substantially similar to the attached proposed order:

a. Authorizing the Debtor to use its rents, accounts and right to payment in which Secured Creditors assert a security interest to pay those obligations as set forth in the budget for a period of approximately fourteen (14) days from the Petition Date, through and including March 9, 2024;

b. Grants Secured Creditors, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Alleged Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c.  Grants Secured Creditors a replacement lien on the same assets and in the same priority and extent of its Alleged Prepetition Liens;

d.  Requires the Debtor to provide monthly operating reports required by the Office of the United States Trustee, as well as such other periodic financial information that Secured Creditors may reasonably request of the Debtor (in addition to, and not in replacement of, those reporting obligations that the Debtor may have under the Prepetition Loan Documents); and

e.  Granting such other and further relief as is just and equitable.

Dated: February 27, 2024

Respectfully submitted,

MCNAMEE, HOSEA, P.A.

**/s/ Justin Fasano**
Justin Fasano (Bar No. MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770
Telephone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
*Proposed Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2024, a copy of the foregoing was served as set forth in the Global Certificate of Service to be filed.

        /s/ Justin P. Fasano
        Justin P. Fasano